IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARY ANNE SAUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9633-JAR-TJJ |
| | ) | |
| LOUISBURG, KANSAS POLICE | ) | |
| DEPT., CHIEF OF POLICE TIMOTHY J. | ) | |
| BAUER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 arising from an alleged November 22, 2013 incident involving officers of the Louisburg, Kansas Police Department.  This matter is currently before the Court on the following three motions:  Plaintiff's Motion to Preserve Evidence Ex-Spoliation (ECF No. 28); Plaintiff's Motion to Reverse Order Staying Case (ECF No. 31); and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32).

**I.      Plaintiff's Motion to Preserve Evidence Ex-Spoliation (ECF No. 28)**

Plaintiff has filed a motion requesting that the Court enter an order for the preservation of evidence in this case.  She claims that Defendants should have made efforts to preserve evidence prior to the filing of her complaint, based upon her pre-lawsuit request for an internal investigation.  She claims to have requested the preservation of evidence from body cameras worn by the police officers at the time of the alleged incident.

Defendants filed a response in opposition to Plaintiff's motion, arguing that because the Complaint is not sufficiently specific regarding the nature and extent of Plaintiff's claims, Defendants cannot be required to preserve all evidence that might be remotely associated with her claims. Defendants also respond to Plaintiff's request to preserve evidence from body cameras, explaining that the City of Louisburg Police Department does not now own, nor in the past has it ever owned, body cameras. Defendants have also represented that their counsel instigated a litigation hold to be issued at the inception of this litigation and any reasonably identifiable evidence related to Plaintiff's claims has been and will continue to be preserved throughout the litigation.

"A litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation."[1] Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant evidence.[2] Generally, the scope of the evidence to be preserved is what a litigant "knows or should know is relevant to imminent or ongoing litigation."[3] No court order is needed to trigger each party's duty to preserve relevant evidence.

Plaintiff does not allege that Defendants failed to preserve evidence in this case and there is nothing in the record indicating such a failure. Additionally, Defendants' response states that the City of Louisburg Police Department does not own body cameras. In any event, given

---

[1] *Workman v. AB Electrolux Corp.*, No. 03-4195-JAR, 2005 WL 1896246, at *5 (D. Kan. Aug. 8, 2005) (citing *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 139 F.3d 912 (Table), 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998)).

[2] *F.D.I.C. v. McCaffree*, 289 F.R.D. 331, 336 (D. Kan. 2012).

[3] *Workman*, 2005 WL 1896246, at *5.

2

Plaintiff's concerns that relevant evidence might not be preserved, the Court will enter an order directing <u>all parties</u> in this case to preserve all evidence that they know or should reasonably know is relevant to Plaintiff's claims arising from the November 22, 2013 incident alleged in Plaintiff's Complaint and Defendants' defenses thereto.

**II.       Plaintiff's Motion to Reverse Order Staying Case (ECF No. 31)**

Plaintiff has also filed a motion seeking an order reversing the Court's earlier Order Staying Discovery (ECF No. 30) entered in the case on February 19, 2016.  The Court construes Plaintiff's motion as a motion to reconsider the Court's Order Staying Discovery.  Defendants oppose the motion, arguing that Plaintiff's motion to reconsider is essentially a second shot at opposing Defendants' motion to dismiss on the issues of qualified immunity and seeks to interject legal argument that should have been made in response to that motion.

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.  Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[4]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration,

---

[4] *Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

3

and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[5]  The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[6]

In her motion, Plaintiff cites none of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order.  She does not argue that there has been an intervening change in controlling law or that new evidence has become available, which would be a basis for the Court reconsidering its Order Staying Discovery.  In this case, construing Plaintiff's motion liberally, Plaintiff appears to seeking reversal of the Court's Order staying discovery and pretrial proceedings under the third basis for granting reconsideration of a non-dispositive order, i.e., the need to correct clear error or prevent manifest injustice. Plaintiff makes several arguments why Defendants are not entitled to qualified immunity in this case, apparently in response to arguments made by Defendants in their motion to dismiss.

As stated in the Order Staying Discovery, the Court stayed discovery and pretrial proceedings based upon Defendants' assertion that one or more of them are entitled to absolute and/or qualified immunity.  The Court found that a stay of all proceedings in this matter until resolution of the pending motion to dismiss was appropriate and economical in terms of time and

---

[5] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL-DJW, 2008 WL 2548418, at *1 (D. Kan. June 23, 2008).

[6] *Id.*

effort for the parties and the Court. The Court also cited Tenth Circuit opinion, *Workman v. Jordan*, which essentially requires a stay of discovery; "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," and "[d]iscovery should not be allowed until the court resolves the threshold question" of immunity.[7] Defendants' good faith assertion in their motion to stay that one or more of them are entitled to absolute and/or qualified immunity is enough to warrant a stay of discovery and pretrial proceedings. Defendants are not required to prove they will prevail on their immunity defenses. Finally, the Court also notes that Plaintiff did not file any response opposing Defendants' motion to stay.[8]

Plaintiff has failed to establish any grounds for granting reconsideration of the Court's February 19, 2016 Order Staying Case. Plaintiff's Motion to Reverse Order Staying Case is therefore denied. All Rule 26 requirements, discovery, and pretrial proceedings in this case remains stayed until the Court rules on Defendants' Motion to Dismiss (ECF No. 18).

### III.   Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32)

In her Motion for Leave to Amend Complaint, Plaintiff requests leave to amend her complaint to "cure deficiencies in the original pleading and to state claims and relief." In

---

[7] *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

[8] *See U.S. Fire Ins.*, 2008 WL 2548418, at *1 ("It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.").

support of her motion, Plaintiff states that Defendants will not be disadvantaged or prejudiced by her amendment of the complaint because it is early in the litigation process and discovery has been stayed.

Defendants argue that Plaintiff's motion for leave to amend should be denied due to Plaintiff's failure to comply with District of Kansas Local Rule 15.1(a)(1) and (2), which require that she "set forth a concise statement of the amendment" and attach the proposed amended pleading. Defendants also argue that Plaintiff's motion for leave to amendment should be denied because she knew or should have known of facts upon which her proposed amendment is based at the time she filed her original Complaint.  Finally, Defendants argue Plaintiff's failure to attach her proposed amended complaint to her motion is fatal to her motion.

District of Kansas Local Rule 15.1(a) sets forth certain requirements for motions to amend, including motions for leave to amend the complaint. One of these requirements is that the party filing a motion to amend must file the proposed amended pleading along with the motion.[9] In this case, Plaintiff has not attached her proposed amended complaint to her motion. As a result, the Court cannot review Plaintiff's proposed amended complaint to determine whether Plaintiff should be granted leave to file it under Fed. R. Civ. P. 15(a)(2). Nor are Defendants put on notice as to the substance of Plaintiff's proposed amendment. Plaintiff's motion to amend her complaint is therefore denied for failure to comply with D. Kan. Rule 15.1(a)(2). Such ruling, however, is without prejudice to the filing of any future motion to amend

---

[9] *See* D. Kan. Rule 15.1(a)(2) (requiring a party filing a motion to amend to attach the proposed amended pleading to the motion).  The Court's Local Rules are available on its website at *www.ksd.uscourts.gov/local-rules/*.

that attaches a proposed amended complaint and complies with all applicable Federal Rules of Civil Procedure and Local Rules.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Preserve Evidence Ex-Spoliation (ECF No. 28) is GRANTED.  All parties in this case shall preserve all evidence that they know or should reasonably know is relevant to Plaintiff's claims arising from the November 22, 2013 incident alleged in Plaintiff's Complaint and Defendants' defenses thereto.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Reverse Order Staying Case (ECF No. 31) is DENIED.  All Rule 26 requirements, discovery, and pretrial proceedings in this case remains stayed until the Court rules on Defendants' Motion to Dismiss (ECF No. 18).

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 26th day of April, 2016.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge