**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARY ANNE SAUSE,

      Plaintiff,

      v.                                                                     Case No. 15-CV-9633-JAR-TJJ

LOUISBURG POLICE DEPT., CHIEF OF
POLICE TIMOTHY J. BAUER, ET AL.,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff Mary Anne Sause, proceeding *pro se*, filed this civil action against the Louisburg, Kansas, Police Department, Louisburg Chief of Police Timothy Bauer, Louisburg Police Officers Jason Lindsey and Brent Ball, former Louisburg Chief of Police Ron Anderson, former Louisburg Police Officer Stevans, current Louisburg Mayor Marty Southard, and former Louisburg Mayor Travis Thompson.  Plaintiff seeks compensatory and punitive damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of the First and Fourth Amendments to the U.S. Constitution and the Americans with Disabilities Act of 1990 ("ADA").

Specifically, Plaintiff contends that Officer Ball, former Chief Anderson, and Chief Bauer failed to investigate or follow up on alleged assaults by Plaintiff's neighbors and complaints she made about other police officers.  Plaintiff alleges that she was the victim of assaults by several residents of her apartment complex.  Plaintiff claims that charges as to these assaults are "missing," and Plaintiff was given no protection after several requests for an internal investigation.  Plaintiff further alleges that when Officers Stevans and Lindsey responded to a noise complaint at her apartment, Officer Stevans prohibited her from praying in violation of the First Amendment, and Officer Lindsey prevented her from entering her bedroom in violation of

1

the Fourth Amendment.  Plaintiff alleges the officers intimidated her and threatened to charge her with crimes, and Plaintiff claims that she fears for her safety.

Defendants moved the Court to dismiss Plaintiff's Complaint (Doc. 18) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Defendants are entitled to qualified immunity and because the Louisburg, Kansas, Police Department is not an entity subject to suit. For the reasons explained below, the Court grants Defendants' Motion to Dismiss.

## I.    Factual Background

Unless otherwise stated, the following facts are drawn from Plaintiff's Complaint and construed in the light most favorable to Plaintiff.[1]  While investigating a noise complaint at Plaintiff's apartment building on November 22, 2013, Officers Lindsey and Stevans arrived at Plaintiff's front door and became angry when Plaintiff did not immediately answer or allow them entry. The officers left and returned, asking Plaintiff why she would not let them in.  Plaintiff answered the door and picked up a Constitution booklet and copy of the Bill of Rights, which she keeps near her front door.  Officer Lindsey mockingly told Plaintiff, "[T]hat's nothing, it's just a piece of paper.  Doesn't work here."[2]  Officer Stevans did not stop him from making these comments, and Stevans left the apartment shortly after.

Officer Lindsey then allegedly put on a body camera before he entered Plaintiff's apartment and threatened that Plaintiff would be on the TV show "Cops."  Plaintiff's friend was in the apartment with her, and she went to Plaintiff's bedroom to put Plaintiff's dog in its kennel. Officer Lindsey went into the bedroom as well.  Officer Lindsey refused to let Plaintiff enter her bedroom, and she heard him talking to her friend in a threatening, angry voice.  He told Plaintiff

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

[2] Doc. 1 at 7.

to get ready because she was going to jail.  When Plaintiff asked why, Officer Lindsey told her he did not know yet, but the bond would be $2,000.

Plaintiff allegedly asked Officer Lindsey if she could pray, and upon his approval, knelt on her prayer rug.  Officer Stevans reappeared at Plaintiff's apartment while she was praying and mockingly told her to get up and stop praying.  Officer Lindsey then told Plaintiff she needed to move from her apartment because no one likes her there.  Plaintiff responded that she was on disability and lived in government-subsidized housing, so she did not have money to move.

The officers cited Plaintiff for disorderly conduct and interfering with law enforcement for refusing to open her door when they first knocked, despite Plaintiff's explanation that she could not see out of the peep hole and she did not answer her door for her protection.

Plaintiff also claims the officers asked her to show them her scars and tattoos.  After being asked three or four times, Plaintiff allegedly lifted her shirt to show them that she had a double mastectomy.

Plaintiff states that Officer Lindsey has been threatening her since March 2015.  Plaintiff has allegedly been requesting an internal investigation with former Chief Anderson since March 2015 and current Chief Bauer since September 21, 2015.  Plaintiff claims she met with Chief Anderson in his office in 2015.

Plaintiff claims that on September 21, 2015, she met with Chief Bauer at his office to discuss her request for an internal investigation.  She allegedly told Chief Bauer that Officer Lindsey's abuse had gone on long enough and she feels unsafe.  She alleges that Chief Bauer dismissively responded that he had 4,300 other citizens to deal with.  Plaintiff claims that on October 8, 2015, she gave Chief Bauer a notarized letter at a public forum; Chief Bauer allegedly

shook Plaintiff's hand and told her he would have an answer to her questions within five days, but he never followed through.

Plaintiff alleges that she has been assaulted by residents of her apartment building but charges are "missing." She claims she wanted to report these assaults to another police officer, but Officer Ball threatened to give her a citation for disorderly conduct to prevent her from reporting the assaults. Plaintiff allegedly reported this incident but is "missing [a] report and witness statements." Plaintiff states that former Chief Anderson was aware of the incident with Officer Ball. She also claims that Mayor Southard and former Mayor Thompson were aware of her complaints about the police officers. She alleges that the mayors employ or employed the police officer defendants.

## II.   Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] It must provide sufficient factual allegations to "give the defendant fair notice" of the grounds for the claim against them.[4] To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face," rather than just conceivable, and "raises a right to relief above the speculative level."[5] Under the plausibility standard, if allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[6] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires "more than a

---

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Twombly*, 550 U.S. at 555.

[5] *Id.* at 570, 555.

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

sheer possibility."[7]  As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]  All of the plaintiff's factual allegations are presumed true and construed in a light most favorable to the plaintiff.[9]  There might be "greater bite" and "greater likelihood of failures in notice and plausibility" in § 1983 cases against individual government actors because complaints generally include complex claims against several defendants.[10]

Because Plaintiff is a *pro se* litigant, the Court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers.[11]  However, the Court may "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[12]

### A.  Qualified Immunity

Defendants argue that Plaintiff's Complaint should be dismissed because Officers Lindsey, Ball, and Stevans, as well as Chief Bauer and former Chief Anderson, are entitled to qualified immunity.  Under the doctrine of qualified immunity, government officials who perform discretionary functions are shielded from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would

---

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8]*Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[10]*Robbins*, 519 F.3d at 1249.

[11]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 (10th Cir. 1994)).

[12]*Id.* at 1173–74 (citing *Hall*, 935 F.2d at 1110).

have known."[13]  The doctrine is not just a defense to liability, but rather provides immunity from

lawsuits altogether.[14]  Accordingly, the qualified immunity defense must be resolved "at the

earliest possible stage of litigation."[15]  "Qualified immunity gives government officials breathing

room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent

or those who knowingly violate the law.'"[16]  Because qualified immunity is the "norm" in private

actions against public officials, there is a presumption of immunity when the defense is raised.[17]

When a defendant claims qualified immunity, the plaintiff bears a heavy burden of showing (1)

the defendant's violation of a constitutional or statutory right; and (2) that the "infringed right at

issue was clearly established at the time of the allegedly unlawful activity such that a reasonable

[official] would have known that his or her challenged conduct was illegal."[18]  For the court to

resolve the issue of qualified immunity at the earliest possible stage of litigation, a plaintiff's

complaint must allege enough facts to make clear the grounds on which his or her claims rest.[19]

    A government official may be personally liable under § 1983 if a plaintiff shows that the

officer, acting under color of state law, deprived the plaintiff of his or her federal rights.[20]  To

demonstrate that a clearly established right has been infringed, a plaintiff may direct the court "to

cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other

circuits."[21]  At the same time, an action can violate a clearly established right even if there is no

---

[13]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[14]*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[15]*Robbins*, 519 F.3d at 1249 (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

[16]*Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).

[17]*Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (citing *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010)).

[18]*Martinez v. Carr*, 479 F.3d 1292, 1294–95 (10th Cir. 2007).

[19]*See Robbins*, 519 F.3d at 1249 (citing *Twombly*, 550 U.S. at 598 n.2).

[20]*Ward v. Lenexa, Kan. Police Dep't*, No. 12-2642-KHV, 2014 WL 1775612, at *5 (D. Kan. May 5, 2014).

[21]*Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006).

specific case addressing that exact action.[22]  The unlawfulness of the action at issue must be apparent even if that action has not specifically been held to be unlawful.[23]  The question of whether a right is clearly established must be answered "in light of the specific context of the case, not as a broad general proposition."[24]  The plaintiff must be able to "demonstrate that 'every reasonable official would have understood'" that his or her actions violated the law.[25]

### 1.  Claims against Defendants Ball, Anderson, and Bauer

Plaintiff's claim against Defendant Ball rests on her allegation that he did not properly investigate her assault complaint.  Her claims against Defendants Anderson and Bauer are based on her contention that they refused to investigate her complaints about other officers.  Generally, citizens do not have a constitutional or statutory right to compel a state to investigate grievances or crimes against them.[26]  The state may not discriminate in the way it protects its citizens, but there is no constitutional right to police protection.[27]  Because failing to investigate or follow up on Plaintiff's complaints did not violate any clearly established constitutional or federal rights, Defendants Ball, Anderson, and Bauer are entitled to qualified immunity.  Accordingly, Plaintiff's claims against those officers are dismissed.

### 2.  Claim Against Defendant Stevans

Plaintiff claims that Officer Stevans violated her First Amendment rights by telling her to stop praying.  The Court construes Plaintiff's First Amendment claim as alleging a violation of the Free Exercise Clause.  The Free Exercise Clause of the First Amendment "protects the right

---

[22]*Hope v. Pelzer,* 536 U.S. 730, 739 (2002).

[23]*Id.*

[24]*Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[25]*Wilson v. City of Lafayette*, 510 F. App'x 775, 777 (10th Cir. 2013) (quoting *al-Kidd*, 563 U.S. at 741).

[26]*See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1225 (D.N.M. 2015).

[27]*Price-Cornelison v. Brooks*, 524 F.3d 1103, 1114 (10th Cir. 2008).

of every person to choose a religion to practice without state compulsion."[28]  To establish a Free

Exercise claim, a plaintiff must allege facts that, if true, would illustrate that the challenged

government action created a burden on the exercise of religion.[29]  The exercise of religion is

burdened when the challenged government action is coercive or compulsory.[30]  A plaintiff "must

allege facts showing she was coerced into [conduct] contrary to her religious beliefs."[31]

Plaintiff's Complaint does not state a plausible First Amendment claim against Officer

Stevans.  Officers Stevans and Lindsey were investigating a noise complaint in Plaintiff's

building, which led them to her apartment.  While Officer Stevans's instruction to Plaintiff to

stop praying may have offended her, it does not constitute a burden on her ability to exercise her

religion.  Plaintiff fails to provide any allegations that would suggest Officer Stevans's actions

coerced her into conduct contrary to her religious beliefs, or that he otherwise prevented her from

practicing her religion.  Rather, he merely instructed her to stop praying while the officers were

in the middle of talking to her about a noise complaint they had received.  The Court thus finds

that Plaintiff has not made a plausible claim that her First Amendment rights were violated.

Because Plaintiff has not established that Officer Stevans violated her clearly established rights,

the Court finds that he is entitled to qualified immunity and the claim against him is dismissed.

### 3.  Claims Against Defendant Lindsey

#### a.  Fourth Amendment

Plaintiff alleges that Officer Lindsey violated her Fourth Amendment rights by refusing

to let her enter her bedroom while he was in her apartment.  That claim is not sufficient to

---

[28]*Martin v. City of Wichita*, No. 98-4145-RDR, 1999 WL 1000501, at *4 (D. Kan. Oct. 27, 1999).

[29]*Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014).

[30]*Id.*

[31]B*auchman v. W. High Sch.*, 132 F.3d 542, 557 (10th Cir. 1997) (internal quotation marks omitted).

establish a Fourth Amendment violation.  The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[32]  Plaintiff's Complaint indicates that she permitted the officers to enter her apartment.  She does not allege that either of the officers searched her apartment or her person.  The officer's alleged refusal to allow Plaintiff to enter her bedroom while she was being questioned by the officers does not constitute a violation of her Fourth Amendment rights.  Plaintiff has thus failed to show that Officer Lindsey violated a clearly established right; the Court finds that he is entitled to qualified immunity and Plaintiff's Fourth Amendment claim is dismissed.

### b.  ADA Claim

Finally, to the extent Plaintiff alleges that Officer Lindsey discriminated against her because of her disability when he allegedly told her she should move out of her apartment, that claim is also dismissed.  The ADA forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[33]  Officer Lindsey's comment to Plaintiff does not constitute discrimination.  Plaintiff herself made a connection between his comment and her alleged disability by responding to Officer Lindsey that she could not afford to leave her apartment because she is disabled.  She does not allege facts to show that the officer had any ability or intention to force her to move from her apartment.  He merely made a mean comment that Plaintiff's neighbors did not like her and she should move away.  The Complaint does not

---

[32]*Herring v. United States*, 555 U.S. 135, 139 (2009).

[33]42 U.S.C. § 12182(a) (1990).

adequately allege that his comment had anything to do with Plaintiff's disability[34] and does not constitute discrimination within the meaning set forth in the ADA.  Plaintiff has therefore failed to allege that Officer Lindsey violated any clearly established rights, and her claim is dismissed.

### 4.   Claims Against Defendants Southard and Thompson

Plaintiff's claims against Defendants Southard and Thompson, the current and former mayors of Louisburg, also warrant dismissal.  She alleges that they employed the defendant police officers, and apparently seeks to hold them accountable for the officers' alleged actions.  As the Court has already shown, Plaintiff fails to plausibly allege that any of the defendants has violated her rights.  Even if the police officer defendants had committed violations of her rights, however, courts generally do not hold government officials liable for violations committed by employees.[35]  Rather, the municipality itself might be held liable if a plaintiff is able to show that the actions were the result of an official government policy.[36]  This standard implicitly recognizes that police officers are generally employed by a municipality itself, not by individual mayors or government officials.  Plaintiff does not allege any facts that would support a claim of municipal liability, nor does she make any specific allegations of wrongdoing by Defendants Southard and Thompson.  The claims against them are therefore dismissed.

### B.  The Louisburg, Kansas Police Department is Not an Entity Subject to Suit

The Court also finds that Plaintiff's claim against the Louisburg, Kansas Police Department must be dismissed because it is not a legal entity capable of being sued.  Under Kansas law, agencies of a city do not have the capacity to sue or be sued unless a statute or

---

[34]And in fact, Plaintiff does not allege facts in her Complaint that show she is disabled within the meaning of the ADA; she merely states in a conclusory fashion that she is disabled.

[35]*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663–64 (1978).

[36]*Id.* at 694.

ordinance expressly gives such authority.[37]  Plaintiff has not pointed the Court to such a statute

or ordinance.  And "[t]his Court has routinely dismissed actions against city police departments

because they are not entities capable of being sued."[38]  Accordingly, Plaintiff's claim against the

Louisburg, Kansas Police Department is dismissed for Plaintiff's failure to state a claim for

which relief can be granted.

### C.  Leave to Amend

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an

opportunity to amend the complaint to overcome any deficiency unless it is clear that no

amendment can cure the defect."[39]  Leave need not be granted if amendment would be futile.[40]

However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing

some important element, the Court should allow him leave to amend.[41]

As described above, to the extent Plaintiff's factual allegations are discernable, they are

far from stating a plausible claim.  Plaintiff's response to Defendants' Motion to Dismiss merely

restates the same allegations she makes in her Complaint.  She contends that she will be able to

prove all of her factual allegations through discovery.  However, the purpose of qualified

immunity is to shield government officials from liability as well as the process of discovery.

Allowing discovery to proceed with the hope that Plaintiff will be able to prove her allegations is

contrary to the purpose of the qualified immunity doctrine, especially where Plaintiff's

---

[37]*Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985); *Whayne v. Kansas*, 980 F. Supp. 387, 392 (D. Kan. 1997).

[38]*Ward v. Lenexa, Kan. Police Dep't*, No. 12-2642-KHV, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014).

[39]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[40]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[41]*Id.* (citing *Hall*, 935 F.2d at 1110).

allegations are far from stating plausible claims. Accordingly, the Court finds that leave to amend would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 18) is **granted**.

**IT IS SO ORDERED.**

Dated: June 17, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE